UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| IRVELT JOSEPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:26-cv-00147-JRS-MKK |
| ) | |
| BRISON SWEARINGEN Sheriff and Warden, ) | |
| Clay County Jail, Brazil, IN, ) | |
| SAMUEL OLSON Acting Director, Chicago Field ) | |
| Office, U.S. Immigration and Customs ) | |
| Enforcement, ) | |
| TODD M. LYONS Acting Director, U.S. ) | |
| Immigration and Customs Enforcement, ) | |
| KRISTI NOEM Secretary, U.S. Department of ) | |
| Homeland Security, ) | |
| PAMELA JO BONDI Attorney General, U.S. ) | |
| Department of Justice, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Irvelt Joseph is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 9, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Joseph now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 24; dkt. 9 at 9.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on March 23, 2026**, Respondents must either: (1) afford Mr. Joseph an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Joseph from custody, under reasonable conditions of supervision.

I.   **Background**

Mr. Joseph entered the United States in April 2023, seeking asylum. Dkt. 1 ¶ 29. On April 4, 2023, the Department of Homeland Security ("DHS") issued a Notice to Appear to Mr. Joseph. Dkt. 6-2 at 1. He has been approved for an Employment Authorization Document. Dkt. 1 ¶ 30. On February 6, 2026, Mr. Joseph was detained on a warrant for an outstanding driving citation that he had previously tried, unsuccessfully, to pay. *Id.* ¶¶ 31, 33. Mr. Joseph was transferred into the custody of Immigration and Customs Enforcement ("ICE") on February 9 pursuant to an I-200 Warrant for Arrest of Alien form. *Id.* ¶ 34; Dkt. 6-3.

The Notice to Appear charges Mr. Joseph with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not being in possession of required identity and nationality documentation. Dkt. 6-2 at 4. The federal respondents concede that Mr. Joseph is not "arriving" in the United States. Dkt. 6 at 5.

II.   **Discussion**

Mr. Joseph claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), the relevant bond regulations (Count II), the Administrative Procedures Act ("APA"), and the Due Process Clause of the Fifth Amendment (Count IV). Dkt. 1 ¶¶ 63–95. Respondents argue that Mr. Joseph is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Joseph's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Joseph is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

## A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976,

982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Joseph Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Joseph is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than

4

undocumented aliens like Mr. Joseph who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). *Sandoval v. Crowley*, No. 2:25-cv-560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 7–10; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding

admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Mr. Joseph is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Joseph is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Joseph requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 24; Dkt. 9 at 9. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at, 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Joseph's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

---

on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

### IV.     Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 23, 2026**, Respondents must either: (1) provide Mr. Joseph with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Joseph from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on March 25, 2026**, Respondents must file documentation certifying that they have provided Mr. Joseph with a bond hearing or released him from detention. The petition is **denied** to the extent it seeks declaratory relief or asks the Court to place parameters on a bond hearing beyond those identified in this paragraph.[2] *See* dkt. 1 at 25.  The **clerk is directed** to enter final judgment.

Mr. Joseph's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, must be presented in a proper motion under Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have   **14 days** to respond.

IT IS SO ORDERED.

Date:      3/16/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[2] Mr. Joseph has not explained why such additional relief is legally warranted or why it is necessary in addition to the relief the Court has granted. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

Distribution:

Kristen Elizabeth Coffey
Sverdloff Law Group PC
kristen@sverdlofflaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov